IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HECTOR DE LA ROSA and | § | CASE NO. 15-70561 |
| TERRI DE LA ROSA | § | |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

**JOINT MOTION FOR AN ORDER PURSUANT TO
11 U.S.C. §§ 105 AND 363 APPROVING PROCEDURES TO SELL CERTAIN
ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
<u>ENCUMBRANCES WITHOUT FURTHER COURT APPROVAL</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MOTION ON MAY __, 2016 AT __:00 __.M. IN THE BANKRUPTCY COURT IN MCALLEN, TEXAS

COME NOW Kevin P. Hanna, Chapter 7 Trustee (the "Trustee") and RREF CB SBL II-TX DHT, LLC ("RREF CB"), a prepetition senior secured lender, and file this Joint Motion for an Order Pursuant to 11 U.S.C. §§ 105 and 363 Approving Procedures to Sell Certain Assets Free and Clear of Liens, Claims and Encumbrances Without Further Court Approval (the "Sale Motion"), seeking an order pursuant to 11 U.S.C. §§

4852-0690-3087.2
108652\000008

105(a), 363(b)(1) and (f), and Federal Rules of Bankruptcy Procedure (the "Rules") 2002, 4001, 6004, 9007, and 9014 approving procedures to sell all of Debtors' nonexempt real property assets free and clear of liens, claims and encumbrances without further court approval. In support of the Sale Motion, Trustee and RREF CB (jointly, "Movants") would show the Court as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Factual and Procedural Background

2. On November 2, 2015 (the "Petition Date"), the Debtors filed a voluntary petition (the "Bankruptcy Petition") for relief under chapter 13 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), which initiated the above-referenced case (the "Bankruptcy Case"). The Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code on November 30, 2015 and on December 1, 2015, Kevin P. Hanna was appointed Successor Trustee.

3. RREF CB holds duly properly perfected first lien security interests in all the Debtors' non-exempt real property assets (the "Sale Property") which Trustee proposes to sell pursuant to this Sale Motion.

4. Prior to the Petition Date, De La Rosa Pharmacy, Inc. (the "Pharmacy") executed and delivered Real Estate Promissory Note dated July 18, 2002 payable to Texas State Bank in the original principal amount of $1,139,000.00 (the "Pharmacy Note"). On the same date, Debtors each executed and delivered Guaranty of the

Pharmacy Note to Texas State Bank (collectively, the "Guaranty Agreements"). The Pharmacy Note is additionally secured by real estate owned by Debtors described as Lots 10, 11, 12 and 13, Block 5, James M. Black Subdivision No. 2, Weslaco, Hidalgo County, Texas (the "Pharmacy Property"). Lot 10 of the Pharmacy Property is described as 1504 6th Street, Weslaco, Texas used as a parking lot (the "6th Street Parking Lot"). Lots 11 and 12 described as 1500 6th Street, Weslaco, Texas was previously operated as by the Pharmacy (the "Pharmacy Building"). Lot 13 of the Pharmacy Property is described as 1501 Katie Street, Weslaco, Texas used as a parking lot (the "Katie Street Parking Lot").

5. Mr. De La Rosa executed and delivered Real Estate Promissory Note dated April 9, 2003 in the original principal sum of $180,000.00 payable to Texas State Bank (the "April 9, 2003 Note") secured by Lot 15, Block 1, Heritage Square Subdivision No. 2 and Lot 19 Westgate Center Subdivision, Weslaco, Hidalgo County, Texas, a 4-plex at 807 Washington, Weslaco, Texas ("807 Washington").

6. Mr. De La Rosa and Ms. De La Rosa executed and delivered a purchase money Real Estate Lien Note dated July 30, 2001 the original principal sum of $62,500.00 payable to Cottonfields, Ltd. (the "July 30 2001 Note"), secured by Lot 11, Block V, Tierra Santa Golf Club & Community Phase I, Weslaco, Hidalgo County, Texas, a vacant lot located at 1202 Hacienda Del Sol, Weslaco, Texas (the "Golf Club Lot"). The July 30, 2001 Note was indorsed to and liens transferred and assigned to Texas State Bank.

7. On September 12, 2007 in a prior Chapter 11 Case filed by the Debtors, the United States Bankruptcy Court for the Southern District of Texas, Brownsville

3

Division, entered an order confirming the first amended Chapter 11 plan of Mr. De La Rosa and Ms. De La Rosa, which modified the terms of the Guaranty Agreements, the April 9, 2003 Note, and the July 30, 2001 Note.

8. On August 1, 2007, in a companion case, the United States Bankruptcy Court for the Southern District of Texas, McAllen Division, entered an order confirming the first amended Chapter 11 plan of the Pharmacy, which modified the terms of the Pharmacy Note.

9. Compass Bank, as successor in interest to Texas State Bank, assigned the Pharmacy Note, the April 9, 2003 Note, the July 30, 2001 Note, and the Guaranty Agreements, as modified, to RREF CB SBL II Acquisitions, LLC; and RREF CB SBL Acquisitions, LLC assigned the Pharmacy Note, the April 9, 2003 Note, the July 30, 2001 Note, and the Guaranty Agreements, as modified, to RREF CB.

10. As of the Petition Date, the total amount due and owing from the Debtors to RREF CB is in excess of $2,500,000, together with accrued interest, costs, attorneys' fees, and other expenses, as authorized by the loan documents between such parties and as allowed by law. Based on the values reflected in Debtors' Schedule A, there is no equity above the liens of RREF CB in the Sale Property and but for the agreement of RREF CB to allow the Trustee to sell the Sale Property and for the Estate to receive a portion of the sale proceeds after payment of customary closing costs and property taxes in consideration for the Trustee's stipulation that RREF CB holds valid first and prior liens (subject only to property taxes) in the Sale Property (the "Stipulation"), this would be a no asset case with no potential for any payment of administrative expenses or to unsecured creditors.

4852-0690-3087.2
108652\000008

11. The agreement for the sale of RREF CB's collateral between the Trustee and RREF CB is set forth in Exhibit "A", incorporated herein for all purposes (the "Agreement").

12. Based upon the Agreement and in reliance on the Agreement and the Stipulation, RREF CB has consented to the sale of its collateral, the Sale Property, as proposed in this Sale Motion.

## Relief Requested

13. By this Motion, Movants seek approval of procedures to sell the Sale Property, which but for the consent of RREF CB would have no value to this Estate, without requesting further Court approval, but subject to the notice procedures set forth below, for the reasons set forth herein.

14. Obtaining Court approval of each sale of the various tracts of the Sale Property would result in administrative expenses for drafting, serving and filing pleadings, as well as time incurred by attorneys for appearing at Court hearings. The Trustee believes that the proceeds that will be generated by some of the sale transactions do not warrant incurring such expenses. In addition, seeking individual approval of each transaction will require a substantial period of time, thus delaying the closing of this Estate. The streamlined procedures proposed below are therefore in the best interests of the Debtors' estate because such procedures will eliminate unnecessary costs and delay.

## Proposed Sale and Notice Procedures

15. Movants request that the Court enter an order authorizing the Trustee to sell the Sale Property pursuant to the Agreement, which sales otherwise would require

Bankruptcy Court approval under section 363 of the Bankruptcy Code, and providing that the following procedures be implemented in lieu of separate notices and hearings:

(a) The Trustee will file a notice of each proposed sale (the "Sale Notice") and serve on (i) the United States Trustee; (ii) counsel for the Debtors (iii) any party requesting notice; and (iv) any known holder of a lien, claim or encumbrance against the specific property to be sold (collectively, the "Notice Parties"). The Sale Notice shall be filed and served by ECF, e-mail or facsimile, as applicable, so as to be received by 5:00 p.m. (Central Time) on the date of service. In instances where ECF, e-mail or facsimile transmission is not practicable, service shall be by overnight courier. The Sale Notice shall specify (1) the asset(s) to be sold, (2) the identity of the proposed purchaser, and (3) the proposed sale price (including an estimate of the amount to be received by the Estate in cash proceeds upon closing).

(b) The Notice Parties shall have five business days after the Sale Notice is filed to object to or request additional time to evaluate the proposed sale transaction. If counsel for the Trustee receives no written objection or written request for additional time prior to the expiration of such five-day period, the Trustee shall be authorized to consummate the proposed sale transaction and to take such actions as are necessary to close the transaction, to pay customary closing costs and property taxes, and to pay RREF CB its portion of the net sale proceeds and the Estate its portion of the net sale proceeds in accordance with the Agreement.

(c) If a Notice Party objects to the proposed transaction within five business days after the Sale Notice is filed, the Trustee and such objecting Notice Party shall use good faith efforts to resolve the objection on a consensual basis. If the Trustee and the

objecting Notice Party are unable to achieve a consensual resolution, the Trustee will not take any further steps to consummate the proposed transaction without first obtaining Bankruptcy Court approval of the proposed transaction upon notice and a hearing.

(d) Net proceeds of the sales, after payment of customary closing costs and ad valorem tax liens, shall be paid to the Estate and to RREF CB in accordance with the terms of the Agreement.

(e) Nothing in the foregoing procedures shall prevent the Trustee, in his sole discretion, from seeking Bankruptcy Court approval at any time of any proposed transaction upon notice and a hearing.

## Applicable Authority

16. Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d. Cir. 1996); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1993). As described herein, sound business reasons exist to justify selling the Property upon the terms set forth herein.

17. The expedited procedures set forth herein will permit the Trustee to minimize administrative costs in these cases, speed the liquidation of assets and preserve the rights of interested parties to object. Without an expedited process such as the one proposed above for closing these sales, the Estate may be deprived of

4852-0690-3087.2
108652\000008

income that could otherwise be realized from the disposition of the Sale Property. For the foregoing reasons, the Trustee believes that the relief requested herein is in the best interests of the Estate.

18. Pursuant to section 363(f) of the Bankruptcy Code, the Court may authorize the sale of assets free and clear of existing liens, claims and encumbrances if (a) applicable non bankruptcy law permits the sale of such property free and clear of such interest, (b) the entity holding the lien, claim or encumbrance consents to the proposed sale; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity will be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. Movants believe that the notice procedures set forth herein satisfy the requirements of section 363(f). RREF CB, the holder of first lien security interests on the Sale Property, consents to the sale. Further, if a party claiming to be the holder of a lien, claim or encumbrance receives the requisite notice and does not object within the prescribed time period, such holder will be deemed to have consented to the proposed sale and the property then may be sold free and clear of such holder's liens, claims or encumbrances.

19. The procedures set forth herein will not apply to sales of assets that involve an "insider," as defined in section 101(31) of the Bankruptcy Code. Any such sale will continue to require individual hearings as prescribed by section 363(b) of the Bankruptcy Code.

20. Courts have repeatedly approved procedures similar to those proposed herein. *See, e.g., In re Avado Brands, Inc.*, Case No. 04-31555 (SAF) (Bankr. N.D.

Tex. June 1, 2004); *In re Mirant Corp.*, Case No. 03-46590 (DML) (Bankr. N.D. Tex. Sept. 24, 2003); *In re Polaroid Corp.*, Case No. 01-10864 (PJW) (Bankr. D. Del. Jan. 7, 2002); *In re Safety-Kleen Corp., Case No. 00-2303* (PJW) (Bankr. D. Del. Sept. 8, 2000); *In re Comdisco, Inc.,* Case No. 01-24795 (Bankr. N.D. Ill. August 9, 2001) (Barliant, J.). Accordingly, the Sale Motion should be granted.

21. No previous request for the relief sought herein has been made to this court or to any other court.

WHEREFORE, the Trustee and RREF CB request that the Court enter an order authorizing the sale of the Sale Property without requesting further Court approval, but subject to the notice procedures set forth herein and grant other and further relief as is just and proper.

Dated: May 13, 2016

        Respectfully submitted,

        DYKEMA COX SMITH
        112 East Pecan Street, Suite 1800
        San Antonio, Texas 78205
        (210) 554-5500 (Telephone)
        (210) 226-8395 (Facsimile)

        By: */s/ Diann M. Bartek*
            Diann M. Bartek
            State Bar No. 01838700
            Southern District No. 8659
            Jeana R. Long
            State Bar No. 24074611
            Southern District No. 1129085

        ATTORNEYS FOR RREF CB SBL II-TX DHT, LLC

4852-0690-3087.2
108652\000008

By: */s/ Kevin P. Hanna*
Kevin P. Hanna
P.O. Box 6821
Corpus Christi, Texas 78466
Phone: 361-913-9433
Email: kphanna@kphannalaw.com
State Bar No. 00784206
Southern District No. 17125

CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2016, a true and correct copy of the above and foregoing document was served by the Court's CM/ECF Noticing System to those parties in the Court's system and by United States First Class Mail, postage prepaid, on the parties listed below and on the attached service list.

                                                  /s/ Diann M. Bartek
                                                  Diann M. Bartek

4852-0690-3087.2
108652\000008

AGREEMENT AS TO ALLOCATION OF SALE PROCEEDS
BETWEEN TRUSTEE AND RREF CB SBL II-TX DHT, LLC ("RREF CB")

1. RREF CB will agree to any sale of its collateral and will waive its right to credit bid more than 80% of the following values (the "Value"):

    a. $54,000 for the Golf Course Lot.
    b. $120,000 for the 807 Washington Property.
    c. $360,000 for the Pharmacy Property.

2. All properties are sold subject to §363(f) with appropriate §363(k) rights. Properties may be listed for up to 135 days. If no contract by such time, properties must be auctioned no later than 209 days following entry of the Sale Order. RREF CB recommends Lamar Fisher of Fisher Auction Company (fisherauction.com) shall work with a Texas headquartered broker approved by the Court.

3. At closing of any of the properties, RREF CB will agree to pay ordinary closing costs associated with the sales to include broker fees, taxes, etc., not to include the Trustee's attorney fees, Trustee's §326 compensation, etc.

4. RREF CB will agree to a surcharge as follows: "Net Sale Proceeds" as used in this Paragraph 4 shall mean the sale price of any property above the junior liens.

    a. 15% of the Net Sale Proceeds up to a sale price of 50% of the Value.
    b. 28% of the Net Sale Proceeds for such portion of the sale price between 50% of the Value and 80% of the Value
    c. 50% of the Net Sale Proceeds for such portion of the sale price as exceeds 80% of the Value.
    d. If RREF CB takes a property back by credit bid, the surcharge will be halved if credit bid is less than 60% of Value. If the credit bid exceeds 60% of the Value, RREF CB will pay the full amount of the surcharge in cash at closing.

5. RREF CB waives entitlement to any relief under §362 of the Bankruptcy Code for a period of 210 days following approval of the Sale Order.

6. Trustee, on behalf of the estate, agrees:

    a. To allowance of RREF CB's secured claim in full.
    b. That RREF CB's claim is a secured, valid, first-priority consensual mortgage lien on each of the Properties in Item 1, junior only to property taxes.

7. The Trustee and RREF CB mutually release each other, including any claims under chapter 5 of the Bankruptcy Code.

EXHIBIT "A"

4852-0690-3087.2
108652\000008

| | | |
|---|---|---|
| Hector De La Rosa<br>1210 Hacienda Del Sol<br>Weslaco, TX 78596-8541 | Terri De La Rosa<br>1210 Hacienda Del Sol<br>Weslaco, TX 78596-8541 | Antonio Villeda<br>Attorney at Law<br>6316 N 10th St, Bldg. B<br>McAllen, TX 78504-3680 |
| Kevin P. Hanna<br>Chapter 7 Trustee<br>P.O. Box 6821<br>Corpus Christi, TX 78466-6821 | US Trustee<br>606 N Carancahua, Suite 1107<br>Corpus Christi, TX 78401-0680 | Ocwen Loan Servicing LLC<br>C/O Eddie R. Jimenez<br>4375 Jutland Dr, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 |
| Amron Professional<br>172 W Robertson St<br>San Benito, TX 78586-3746 | Capital One<br>Attn: Bankruptcy<br>P. O. Box 30285<br>Salt Lake City, UT 84130-0285 | ECU PROPERTIES, LLC<br>c/o Law Firm of Jones, Galligan, Key & Lozano, LLP<br>2405 Southeast Augusta Square<br>McAllen, TX 78503 |
| City of Weslaco and Weslaco ISD<br>c/o John Banks<br>Perdue Brandon Felder Collins<br>3301 Northland Dr. Ste. 505<br>Austin, TX 78731-4954 | Cmre Financial Services Inc<br>3075 E Imperial Hwy Ste 200<br>Brea, CA 92821-6753 | Eos Cca<br>P. O. Box 981008<br>Boston, MA 02298-1008 |
| Hidalgo County<br>c/o Diane W. Sanders<br>P.O. Box 17428<br>Austin, Texas 78760-7428 | Hidalgo Irrigation District #1,<br>Hidalgo County and City of McAllen<br>c/o Diane W. Sanders<br>P.O. Box 17428<br>Austin, Texas 78760-7428 | INTERNAL REVENUE SERVICE<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>OPERATIONS<br>P. O. BOX 7346<br>Philadelphia, PA 19101-7346 | New York Life Insurance and Annuity Corp<br>c/o Ocwen Loan Servicing, LLC<br>1661 Worthing Road, Suite 100<br>West Palm Beach, FL 33409-6493 | Synchrony Bank c/o Recovery Management Systems Corporation<br>25 SE 2nd Ave., Ste. 1120<br>Miami, FL 33131-1605 |
| Propel Financial Services<br>c/o Howard Marc Spencer<br>12770 Coit Rd., Ste 1100<br>Dallas, TX 75251 | South Texas College c/o Diane W Sanders Linebarger Goggan Blair & Sampson LLP<br>P. O. Box 17428<br>Austin, TX 78760-7428 | Td Auto Finance<br>P. O. Box 9223<br>Farmington Hills, MI 48333-9223 |
| Virtuoso Src<br>4500 E Cherry Creek Sout<br>Denver, CO 80246-1518 | Weslaco ISD c/o John Banks<br>Perdue Brandon Fielder Collins & Mott<br>3301 Northland Dr. Ste. 505<br>Austin, TX 78731-4954 | City of Mercedes c/o John T. Banks<br>Perdue, Brandon, Fielder, Collins<br>3301 Northland Drive, Ste. 505<br>Austin, TX 78731 |