

ENTERED
08/05/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

IN RE:                                          §
                                                §
HECTOR DE LA ROSA and                           §         CASE NO. 15-70561
TERRI DE LA ROSA                                §
                                                §
                                                §
DEBTORS.                                        §         CHAPTER 7

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 APPROVING PROCEDURES TO
SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES WITHOUT FURTHER COURT APPROVAL**

CAME ON FOR CONSIDERATION the joint motion dated May 13th, 2016 (the

"Motion"),[1] filed by Kevin P. Hanna, Chapter 7 Trustee (the "Trustee"), and RREF CB

SBL II-TX DHT, LLC ("RREF CB"), a prepetition senior secured lender, for entry of an

order pursuant to 11 U.S.C. §§ 105 and 363 authorizing the Trustee to sell certain

assets free and clear of liens, claims and encumbrances without further court approval,

and the Limited Objection to the Motion filed by Propel Financial Services, LLC, as

Agent and Attorney-in-Fact for PFS Tax Lien Trust 2014-1 ("Propel").   After

consideration of the Motion and the Limited Objection, the Court finds that (i) it has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §~~§ 157 and~~

1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

requested in the Motion is in the best interests of the Estate and its creditors; (iv) proper

and adequate notice of the Motion and the hearing thereon has been given and that no

other or further notice is necessary; (v) the objection of Propel has been resolved by the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

terms of this Order; and (vi) upon the record herein after due consideration, good and sufficient cause exists for the granting of the relief as set forth in the Motion and herein.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT,

1.    ~~The Motion, as modified herein is GRANTED.~~

2.    This Order is and shall be deemed a final sale order.

3.    The Trustee is hereby authorized to consummate, without further Court approval, all sales transactions of any part or all of the Sale Property, free and clear of all liens, claims and encumbrances in accordance with the following procedures:

(a)    The Trustee will file a notice of each proposed sale (the "Sale Notice") and serve on (i) the United States Trustee; (ii) counsel for the Debtors (iii) any party requesting notice; (iv) counsel for Propel; and (v) any other known holder of a lien, claim or encumbrance against the specific property to be sold (collectively, the "Notice Parties"). The Sale Notice shall be filed and served upon the Notice Parties by ECF, e-mail or facsimile, as applicable, so as to be received by 5:00 p.m. (Central Time) on the date of service. In instances where ECF, e-mail or facsimile transmission is not practicable, service shall be by overnight courier. The Sale Notice shall specify (1) the legal description and/or address of the Sale Property to be sold (the "Specified Property"); (2) the identity of the proposed purchaser; (3) the estimated closing date ("Closing Date"); and (4) the proposed sale price (including an estimate of the amount to be received by the Estate in cash proceeds upon closing).

(b).    The Notice Parties shall have five business days after the Sale Notice is filed to object to or request additional time to evaluate the proposed sale transaction. Such Notice Parties shall only be entitled to object as to the sufficiency of the purchase price or noncompliance with this Order.

(c)    If a Notice Party objects to the proposed transaction within five business days after the Sale Notice is filed, the Trustee and such objecting Notice Party shall use good faith efforts to resolve the objection on a consensual basis. If the Trustee and the objecting Notice Party are unable to achieve a consensual resolution, the Trustee will not take any further steps to consummate the transaction proposed in the Sale Notice without first obtaining Bankruptcy Court approval of the transaction proposed in the Sale Notice, after notice and a hearing.

(d)    Within five business days of the filing of the Sale Notice, Propel shall file a notice ("Payoff Notice") specifying (1) the payoff of any claim secured by the Specified Property as of the Closing Date; (2) the per diem associated with such

2

claim from and after the Closing Date; and (3) the amount of any attorney's fees, post-petition interest and any other costs or fees relating to such claim and allowable or previously allowed under 11 U.S.C. 506(b). The Payoff Notice shall be filed and served upon the Notice Parties by ECF, e-mail or facsimile, as applicable, so as to be received by 5:00 p.m. (Central Time) on the date of service.   In instances where ECF, e-mail or facsimile transmission is not practicable, service shall be by overnight courier.  The Notice Parties shall have five business days after the Payoff Notice is filed to file an objection to any amounts contained in the Payoff Notice.  If no objection is filed, such amounts shall be fully and finally allowed without further application or court approval pursuant to 11 U.S.C. § 506(b) or Fed.R.Bank.P. 2016(b).

(e)    If counsel for the Trustee receives no written objection to the Sale Notice or written request for additional time to evaluate the Sale Notice prior to the expiration of the five-day period applicable to the Sale Notice, the Trustee is authorized to consummate the transaction proposed in the Sale Notice and to take such actions as are necessary to close such transaction.  In connection with the closing, the Trustee (or any party acting at the Trustee's direction, such as a closing agent, title company or escrow agent) is hereby authorized and directed to pay/disburse in the following order:

(i)   the normal costs incurred by the Trustee, as seller, associated with closing the sale of the Sale Property (the "Closing Costs");

(ii)  to any ad valorem taxing authority which holds a lien on the Specified Property, an amount sufficient to fully satisfy the claims of any ad valorem taxing authority secured by a lien on the Specified Property, for tax years 2015 and prior, as of the closing date, together with interest and penalties, if any, accrued at the applicable rate;

(iii)  to Propel, in an amount sufficient to fully satisfy the claims of Propel which are secured by a lien on the Specified Property as set forth in the Payoff Notice[2], or, in the event that an objection to the Payoff Notice was timely filed in accordance with the provisions of paragraph 3(d), the amount claimed by Propel in the Payoff Notice (inclusive of interest, attorney's fees and all other charges calculated as of the closing date) plus a $5,000.00 reserve.  All payments to Propel or any reserve established shall be delivered to Howard Marc Spector

---

[2]  The terms of Order Granting Propel's Motion for Valuation and Allowance of Certain Post-Petition Amounts Pursuant to 11U.S.C.§506(b) [Docket No. 65] are incorporated herein for all purposes. Notwithstanding, the Order Granting Propel's Motion for Valuation and Allowance of Certain Post-Petition Amounts Pursuant to 11U.S.C.§506(b), Propel has agreed to forego payment of contractual default rate interest and request payment only of interest calculated at the contractual non-default rate for any sales closed by the Trustee within one (1) year of the date of the entry of this Order, provided however, that Propel reserves the right to seek interest calculated at the contractual default rate as to any portion of its claim which is not paid on or before one (1) year following the entry of this Order.

4845-1712-9269.1
ID\BARTEK, DIANN - 108652\000008

f/b/o Propel Financial Services, LLC, as Agent and Attorney-in-Fact for PFS Tax Lien Trust 2014-1, at 12770 Coit Road, Suite 1100, Dallas, Texas 75251;[3] and

(iv) to the Trustee for the Estate and RREF CB, their respective portions of the remaining sale proceeds in accordance with the Agreement attached as Exhibit "A" to this Order.

(f)    Nothing in the foregoing procedures shall prevent the Trustee, in his sole discretion, from seeking Bankruptcy Court approval at any time of any proposed transaction upon notice and a hearing.

(g)    Nothing in the foregoing procedures shall limit any party's ability to seek adequate protection of its interests.

(h)    The Trustee shall not seek to surcharge Propel pursuant to 11 U.S.C. § 506(c) in the above captioned matter.

(i)    The Trustee is authorized and directed to execute any and all documents reasonably necessary to convey title to the Sale Property to Buyer free and clear of all liens, claims and encumbrances and the sale provided for to the Buyer shall be free and clear of all liens, claims and encumbrances on the Property except for the liens securing ad valorem taxes for 2016 and subsequent tax years which shall be paid by Buyer.

4.    The procedures set forth herein will not apply to sales of assets that involve an "insider," as defined in section 101(31) of the Bankruptcy Code. Any such sale will continue to require individual hearings as prescribed by section 363(b) of the Bankruptcy Code.

5.    The Agreement of the Trustee and RREF CB attached as Exhibit "A" is approved in all respects and binding on the Notice Parties, the Trustee and RREF CB.

6.    The Sale Property will be sold "as is" and "where is," free of all liens, claims, interests and encumbrances except for any tax liens on the real property for the tax year 2016 which shall remain on the Sale Property to secure the tax obligations for

---

[3] Any reserve for Propel shall be held by counsel for Propel, Howard Marc Spector, Spector & Johnson, PLLC ("Spector"), 12770 Coit Road, Suite 1100, Dallas, Texas 75251, in counsel's IOLTA account pending resolution of any objection to the Payoff Notice by this Court. Within three (3) business days of the resolution of any such objection, Spector shall remit any excess of the reserve to the Trustee to be distributed in accordance with the Agreement attached as Exhibit "A".

4845-1712-9269.1
ID\BARTEK, DIANN - 108652\000008

tax year 2016 pursuant to 11 U.S.C. §363(f) of the Bankruptcy Code, 11 U.S.C. §363(f). Any purchaser of the Sale Property pursuant to this Order shall be a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code, 11 U.S.C. §363(m), and is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code, 11 U.S.C. §363(m).

7.      This Order shall become effective upon entry and the stay of provided in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby lifted to allow the Trustee and RREF CB to immediately begin implementation of all necessary actions to effectuate the sale of the Sale Property.

8.      Any objections to the entry of this order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice.

9.      This Order (a) is and shall be effective as a determination that RREF CB's claims herein are secured, valid, first-priority consensual mortgage liens on each of the Sale Properties, junior only to property taxes and the liens of Propel, (b) is and shall be effective as a determination that all interests and claims of any kind or nature whatsoever existing as to the Sale Property prior to any sale closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; (c) is and shall be effective as a mutual release between the Trustee and RREF CB, including any claims under chapter 5 of the Bankruptcy Code, and (d) shall be binding upon and inure to the benefit of any successors or assigns of the Debtors, the Estate, creditors of the Estate and parties in

5

interest of the Estate, the Trustee, RREF CB, Propel and any purchaser of the Sale

Property, including any trustee or examiner subsequently appointed for the Estate.

Signed:

August 04, 2016

_____

Marvin Isgur
United States Bankruptcy Judge

APPROVED AS TO FORM AND
SUBSTANCE AND ENTRY REQUESTED:

DYKEMA COX SMITH
1400 North McColl Road, Suite 204
McAllen, Texas 78501
(956) 984-7400
(956) 984-7499- Fax

BY: _____
Diann M. Bartek
State Bar No. 01838700
Southern District No. 8659
dbartek@dykema.com
Jeana R. Long
State Bar No. 24074611
Southern District No. 1129085
jlong@dykema.com

ATTORNEYS FOR RREF CB SBL II-TX DHT, LLC

BY: _____
Kevin P. Hanna
P.O. Box 6821
Corpus Christi, Texas 78466
Phone: ~~361-943-9433~~ 361-813-9433
Email: kphanna@kphannalaw.com
State Bar No. 00784206
Southern District No. 17125

CHAPTER 7 TRUSTEE

6

SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone: (214) 365-5377
Facsimile: (214) 237-3380

BY: _Howard Marc Spector_   by drab by permission
Howard Marc Spector
State Bar No. 00785023
hspector@spectorjohnson.com

ATTORNEYS FOR
PROPEL FINANCIAL SERVICES, LLC,
AS AGENT AND ATTORNEY-IN-FACT FOR
PFS TAX LIEN TRUST 2014-1

7